## EDISON BROS. STORES, Inc. v. CLARK.

### No. 429.

United States Emergency Court of Appeals.

Heard at New York, Dec. 17, 1947.

Decided Jan. 2, 1948.

Edward F. Seligman of New York City (Benjamin Seligman and Seligman & Seligman, all of New York City, on the brief), for complainant.

Bernard A. Goodkind, Atty., Liquidation Division, Dept. of Commerce, of New York City (Tom C. Clark, Atty. Gen., and T. Vincent Quinn, Asst. Atty. Gen., Floyd L. Cook and Charles G. Mulligan, Attys., and Harry H. Schneider, Sp. Atty. Dept. of Justice, all of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and MAGRUDER and McALLISTER, Judges.

MARIS, Chief Judge.

The complainant owns and operates a chain of retail shoe stores in which women's hosiery is sold. It seeks in this action a declaratory judgment that Maximum Price Regulation No. 602,[1] which establishes maximum prices for women's nylon hosiery, is invalid in so far as it fixes such prices for sales by chain stores.

In G. R. Kinney Company v. Porter, 1946, 157 F.2d 683, 688, this court decided that MPR 602 was discriminatory and, therefore, invalid in so far as it established for chain stores a single set of maximum prices on women's nylon hosiery regardless of whether the hosiery was purchased from manufacturers or wholesalers. In that case the court entered a judgment setting aside the regulation "insofar as it establishes for chain stores one set of maximum prices on women's nylon hosiery whether purchased by them from manufacturers or wholesalers."

The respondent here urges that the effect of our judgment in the Kinney case was merely to set aside the maximum prices fixed for chain stores with respect to sales by them of hosiery purchased from wholesalers. He argues that it did not set aside the single set of maximum prices which the regulation imposed upon sales by chain stores to the extent that those prices ap-

[1] 10 F.R. 14,251.

plied to sales of hosiery purchased by chain stores from manufacturers. We think that the respondent misconceives the effect of our judgment in the Kinney case. MPR 602 imposed a single set of prices upon all sales of women's nylon hosiery by chain stores regardless of the origin of the hosiery sold. We held that it was discriminatory not to accord to chain stores the two sets of prices, depending upon the source of the hosiery sold, which were accorded by the regulation to department stores and other large independent retailers. Accordingly we set aside the regulation in so far as it established a single set of prices for chain stores.

In doing so we did not, as the respondent seems to think, determine that the single set of prices fixed by the regulation was valid when applied to sales of hosiery purchased from manufacturers and that it should be permitted to stand with respect to such sales. The regulation had not been written in that form and we were compelled to treat it as it stood, not as it might have been. Accordingly we set aside completely the single set of maximum prices imposed by the regulation upon sales of women's nylon hosiery by chain stores, leaving no valid maximum prices applicable to any sales by such stores. We regarded it as solely within the province of the Administrator to determine what level of prices, in a proper dual price setup, should be assigned to sales by chain stores of hosiery purchased from manufacturers.

This view of the effect of our judgment in the Kinney case does not, however, necessarily mean that the complainant is entitled to a judgment in this case declaring the provisions of MPR 602 here in question to be invalid. The sole purpose of such a declaratory judgment would be to afford the complainant a defense in an enforcement suit now pending against it in the Western District of Missouri. If, however, the judgment in the Kinney case is available to the present complainant as a defense in the enforcement suit now pending, it has no need for the declaratory judgment which it here seeks. Accordingly we are brought to consider the faith and credit which under the statute must be given to the judgment in the Kinney case.

Section 204(e) (2) of the Emergency Price Control Act, as added by the Stabilization Extension Act of 1944, 50 U.S. C.A.Appendix, § 924(e) (2), contains the following provision: "If any provision of a regulation, order, or price schedule is determined to be invalid by judgment of the Emergency Court of Appeals which has become effective in accordance with section 204(b), any proceeding pending in any court shall be dismissed, and any judgment in such proceeding vacated, to the extent that such proceeding or judgment is based upon violation of such provision."

■ It will be observed that if any provision of a regulation has been determined to be invalid by judgment of this court which has become effective, as has the judgment in the Kinney case, the mandate of the statute is that any proceeding pending in any court shall be dismissed to the extent that such proceeding is based upon violation of such regulatory provision. The generality of the statutory language makes it clear that the effect of a judgment of invalidity entered by this court is not limited to the party upon whose complaint it was entered nor to the proceeding to which that complaint might be regarded as ancillary. Any proceeding brought against any one in any court based upon violation of a provision of a price regulation is to be dismissed when it appears that a judgment of this court has become effective holding the basic regulatory provision invalid. This, of course, is subject to any limitations involved in the judgment itself. If the judgment determined the regulation to be invalid only as to a particular person or class or only during a particular period of time the faith and credit to be given it is obviously to be limited accordingly. But where the judgment has determined that a regulatory provision was invalid from its inception as to everyone it is to be given just that effect in every enforcement suit which is based upon violation of the same provision.

■ The basis for our judgment in the Kinney case was our conclusion that the provision of MPR 602 which was in question was invalid from its inception by virtue of its discriminatory character. The

judgment accordingly involved a determination that the provision of the regulation to which both the G. R. Kinney Company and the present complainant object was invalid from the date of its promulgation. Under the provisions of Section 204(e)(2) of the Emergency Price Control Act, quoted above, the District Court for the Western District of Missouri, upon the basis of the judgment in the Kinney case, must, therefore, dismiss the proceeding pending against the complainant in that court to the extent that such proceeding is based upon violation of the regulatory provision here under attack and which in the Kinney case we determined to be invalid. It follows that the complainant has no need of the declaratory judgment which it here seeks, the controversy sought to be raised by the present suit having been set at rest by the final judgment in G. R. Kinney Company v. Porter.

A judgment will accordingly be entered dismissing the complaint.